UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VIVIAN GRIFFITH,

                 Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                          25-CV-2419 (OEM) (LKE)

        -against-

UNITED STATES GOVERNMENT, *et al*.,

                 Defendants.
------------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Vivian Griffith ("Plaintiff") filed the instant *pro se* action against Defendants, the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA"), and Fairfield Properties, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331, on the basis of an "Administrative Torts Claim." Complaint ("Compl."), ECF 1. Plaintiff's request to proceed *in forma pauperis*, ECF 2, is granted for the limited purpose of this Order. For the reasons discussed below, the complaint is dismissed. However, Plaintiff is granted thirty (30) days from the date of this Order to submit an amended complaint.

## BACKGROUND

      Plaintiff's statement of her claim is brief. She merely states: "My statement of claim is that I submitted and/or my attorney at the time Sharova law group submitted an Administrative torts claim in which money damages are being requested or other relief sought." Compl. at 5. Plaintiff alleges that she is suffering from Havana syndrome and is seeking "650 million in damages due to suspicious cell towers exposed to harmful radiation." *Id*. at 6.

## LEGAL STANDARD

      It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and

interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition to requiring sufficient factual matter to state a plausible claim for relief, a plaintiff must provide a short, plain statement of claim against each defendant named so that the defendant has adequate notice of the claims against them. *Iqbal*, 556 U.S. 678 (explaining that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

**A. Dismissal for Failure to State a Claim and Lack of Subject Matter Jurisdiction**

Even if Plaintiff had plausibly alleged a violation of her constitutional rights, sovereign immunity bars her claim for monetary damages against the United States of America, the FBI, and the CIA. The federal government and its agencies are immune from suit except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also Espinoza v. Fed. Bureau of Investigations*, 21-CV-4749, 2021 WL 3861724, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing Plaintiff's claim for money damages against the FBI and CIA as barred by sovereign immunity). It is the Plaintiff's burden to demonstrate that sovereign immunity has been waived, and in the absence of such a waiver, the Court lacks jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Lewis v. USA et al.*, 24-CV-2503, 2024 WL 1577930, at *2 (E.D.N.Y. Apr. 11, 2024).

The Federal Tort Claims Act ("FTCA") "provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment." *Moore v. United States*, 19-CV-9760, 2019 WL 5634679, at *1 (S.D.N.Y. Oct. 31, 2019) (citing 28 U.S.C. § 1346(b)(1)). However, before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust their administrative remedies by filing a claim with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a). If the appropriate federal government entity makes no final written determination within six months of the date of the claimant's filing, the claimant may bring a FTCA action in a federal district court. *Id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *Abadi v. Am. Airlines Group, Inc.,* 23-CV-4033, 2023 WL 5649187, at *1 (S.D.N.Y. Aug. 31, 2023).

Here, Plaintiff alleges that she submitted an administrative claim to the Department of Justice without any allegations about whether she received a written final determination regarding her claim. Accordingly, to the extent that Plaintiff seeks redress under the FTCA, she has failed provide a factual basis to establish that the Court has jurisdiction to consider her claims as the complaint does not show that she exhausted her administrative remedies before filing the instant action. *See Pope v. Geo Grp.*, 18-CV-6900, 2019 WL 79426, at *3 (E.D.N.Y. Jan. 2, 2019) ("[E]ven if a *pro se* 'plaintiff's complaint can be liberally construed to state a claim under the FTCA . . . the court does not have subject matter jurisdiction over' the FTCA claim if [the] 'plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action.'" (quoting *Diaz v. MDC Detention Ctr.*, 17-CV-3768, 2018 WL 472810, at *2 (E.D.N.Y. Jan. 17, 2018))).

Finally, the Court notes that Plaintiff fails to make any factual allegations against Defendant Fairfield Properties; therefore, Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**B. Leave to Amend**

In light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is given thirty (30) days from the date of this Order to file an amended complaint. Should Plaintiff elect to file an amended complaint, any amended complaint she files will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

If Plaintiff intends to bring a claim under the FTCA, she must state the date on which she filed an administrative claim and the date on which the agency issued a final decision. If possible,

4

Plaintiff should include a copy of any administrative claim that she filed as well as a copy of the final decision, as exhibits to her amended complaint.

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction against the United States Government, the FBI and the CIA, and is dismissed for failure to state a claim against Fairfield Properties. *See* FED. R. CIV. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

If Plaintiff fails to file an amended complaint within the time allowed or to show good cause why she cannot, the Court will direct the Clerk of Court to enter judgment dismissing the case for the reasons stated above.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                  */s/*
                                                  ORELIA E. MERCHANT
                                                  United States District Judge

June 13, 2025
Brooklyn, New York